IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVID A. LOGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-2364-EFM |
| ) | |
| COX COMMUNICATIONS, ) | |
| KANSAS, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Now before the Court is Defendant's Motion to Re-Open Plaintiff's Deposition and for Extension of the Dispositive Motion Deadline, along with a supporting Memorandum. (Doc. 37, 38.) Plaintiff has not filed any response to the motion, but Defendant reports that Plaintiff does not agree to being re-deposed. (Doc. 38 at 7). The Court is, therefore, prepared to rule on Defendant's motion.

**BACKGROUND**

This case results from the termination of Plaintiff's employment with Defendant, which Plaintiff alleges was based on his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. (Doc. 1.) Defendant

is attempting to verify when Plaintiff, who is now representing himself *pro se*, received his right-to-sue letter from the EEOC (dated February 2, 2005) and whether Plaintiff subsequently filed his federal court Complaint (Doc. 1) in a timely manner.  (*See* Doc. 33, at 9.)

Plaintiff's deposition was taken on December 29, 2009 and a copy of selected portions of the deposition transcript have been attached to the present motion as Exhibit A.  (Doc. 38-2).  Also attached as Exhibit B is a copy of the deposition Errata Sheet completed by Plaintiff on January 19, 2009.  (Doc. 38-3).  While some of the corrections identified by Plaintiff were to correct such things as spelling errors, other corrections appear to be substantive changes in his testimony concerning when he received his notice of rights letter and circumstances concerning his mailing address.  Defendant seeks to re-open Plaintiff's deposition for the sole and limited purpose of questioning Plaintiff about the changes he made on the errata sheet.

The court has previously considered issues involving deposition errata sheets.  Summerhouse v. HCA Health Services of Kansas, 216 F.R.D. 502 (D. Kan. 2003).  In its review, the court noted that in some cases, rather than seeking to have the changes stricken, a party might seek to re-open the deposition to inquire about the reasons for the changes that were made in the errata sheet.  *See e.g.*, Luhman v.

Dalkon Shield Claimants Trust, 1994 WL 542048 (D. Kan. 1994). That is precisely the relief Defendant now seeks in this case, and the court believes that it is an appropriate request. Accordingly, Plaintiff will be required to present himself for a deposition at a time convenient to the parties, <u>but in any event on or before</u> **<u>July 17, 2009.</u>** The deposition is not to exceed two hours in length, and shall be restricted to questions concerning the changes made by Plaintiff on the errata sheet and the reasons for any such changes.

Plaintiff also asks that the deadline for filing dispositive motions be extended until after Plaintiff has been re-deposed. The court will also grant that request. The March 20, 2009 deadline for filing dispositive motions which was set in the Pretrial Order (Doc. 35 at 19), is hereby extended to **August 24, 2009.** Because of this extension, it will also be necessary to reschedule the trial date of September 22, 2009 that was previously set in the Pretrial Order. (Doc. 35 at 20.) The trial judge will set a new trial date by separate order.

Finally, Defendant again raises an issue concerning a third-party subpoena directed to Plaintiff's prior counsel, Mr. James Wisler. (Doc. 38 at 1-4, 10). Defendant served a third-party subpoena *duces tecum* on Mr. Wisler, on or about December 2, 2008. (*See generally* Doc. 33-2.) When disputes arose concerning the subpoena, Defendant filed a motion to enforce the subpoena (Doc. 32), and the

court entered an order on February 13, 2009, granting that motion. (Doc. 34). The court directed Mr. Wisler to produce by February 27, 2009, at the office of defense counsel any and all documents and information responsive to the December 2, 2008, subpoena including, but not limited to, photocopies of the original versions of the documents previously produced as well as any certified mail return receipts for the same. (Doc. 34 at 6). Mr. Wisler was also directed to provide a privilege log for any documents or information being withheld on the basis of the attorney/client, or any other, privilege. *Id.* Finally, Mr. Wisler, or a qualified representative, was ordered to sign and execute the records affidavit defense counsel submitted with the December 2, 2008, subpoena. *Id.*

In the present motion, Defendant states that Mr. Wisler is refusing to execute a records affidavit for the reprinted documents he has produced pursuant to the subpoena. (Doc. 38 at 4). However, Defendant subsequently filed a supplement to its motion (Doc. 39), which attached copies of an affidavit and documents that were received from Mr. Wisler on or about March 20, 2009. After review of those documents, the court believes that Defendant has received the material required by the subpoena, and any issue concerning compliance with the court's prior order enforcing the subpoena is therefore MOOT.

**IT IS THEREFORE ORDERED** that Defendant shall be allowed to re-

open the deposition of Plaintiff within the time period and limitations set forth in this Order.

**IT IS FURTHER ORDERED** that the deadline for filing any dispositive motions is hereby extended to August 24, 2009.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 10th day of June, 2009.

                                         s/  DONALD W. BOSTWICK
                                         DONALD W. BOSTWICK
                                         United States Magistrate Judge