# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DAVID A. LOGAN,

    *Plaintiff*,

vs.

COX COMMUNICATIONS, KANSAS, LLC,

    *Defendant.*

Case No. 08-2364-EFM

## MEMORANDUM AND ORDER

This matter arises out of an alleged incident of age discrimination by Defendant Cox Communications against Plaintiff David Logan. The issue is whether an extraordinary circumstance exists that warrants the tolling of the 90 day time limit for filing an age discrimination suit under 29 U.S.C. § 626(e). Before the Court is Defendant's Motion for Summary Judgment (Doc. 43). For the following reasons, the Court grants the motion.

**I. Facts**

David Logan was employed by Cox Communications from approximately August of 1980 to his termination on March 31, 2004 at age 50. Logan filed a complaint alleging age discrimination with the KHRC and EEOC on April 26, 2004. The complaint was prepared by his then-counsel, James Wisler. Logan moved residences on November 23, 2004, without informing the EEOC. The KHRC sent Logan and Wisler a "no probable cause" determination on November 15, 2004. The

letter informed Logan that he had 15 days from his receipt to request a review of the decision. The EEOC adopted the KHRC findings, and sent Logan and Wisler a Dismissal and Notice of Rights letter ("the EEOC notice") on February 2, 2005. Wisler represented Logan until February 8, 2005, when he sent Logan a letter containing the EEOC notice, an explanation of the 90 day requirement to file suit, and his termination of representation.[1]

On December 12, 2007, Logan sent a letter to the EEOC requesting a review of the KHRC's order and decision. His letter stated that his late request for review was due to miscommunications with counsel. On December 19, 2007, the EEOC sent Logan a letter stating it would stand behind its decision, and that the EEOC notice would serve as the document closing the charge. Logan admits to receipt of this letter. On August 6, 2008, Mr. Logan then filed a pro se complaint with this Court alleging age discrimination prohibited by the ADEA.

Cox Communications seeks Summary Judgment, claiming that Logan's action is time barred under 29 U.S.C. § 626(e), which provides that an action must be filed within 90 days after receipt of notice, because his action was filed three and a half years after the EEOC notice. In response, Logan asserts that Cox Communications attempted to conceal information with regard to the KHRC investigation and his discovery interrogatories, and therefore willfully misled Logan. He claims that the doctrines of equitable tolling and estoppel should allow his complaint to proceed, despite his delayed filing, due to this alleged deceit and his misunderstanding of time limitations. In response, Cox Communications asserts that Logan is time-barred regardless of any alleged deceit because, among other reasons, his counsel's receipt of the EEOC notice is imputed to him.

---

[1] Logan argues that he did not personally receive the EEOC notice or Wisler's letter terminating his representation and explaining the EEOC notice and 90 day time requirement. However, he appears to have given several different accounts of what letters he received. Viewing the facts most favorably to Logan as the non-movant and therefore assuming he did not personally receive the EEOC notice, it is insignificant because his counsel's receipt of the EEOC notice is imputed to him.

## II. Legal Standards

Summary judgment is appropriate if the moving party demonstrates that "there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law."[2] "An issue of fact is 'genuine' if the evidence allows a reasonable jury to resolve the issue either way."[3] A fact is "material" when "it is essential to the proper disposition of the claim."[4] The court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party.[5]

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.[6] In attempting to meet this standard, the moving party need not disprove the nonmoving party's claim; rather, the movant must simply point out the lack of evidence on an essential element of the nonmoving party's claim.[7]

If the moving party carries its initial burden, the party opposing summary judgment cannot rest on the pleadings but must bring forth "specific facts showing a genuine issue for trial."[8] The opposing party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[9] "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits

---

[2] Fed. R. Civ. P. 56(c).

[3] *Haynes v. Level 3 Communications*, LLC, 456 F.3d 1215, 1219 (10th Cir. 2006).

[4] *Id.*

[5] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[6] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

[7] *Id.* (citing *Celotex*, 477 U.S. at 325.)

[8] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[9] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

incorporated therein."[10] Conclusory allegations alone cannot defeat a properly supported motion for summary judgment.[11] The nonmovant's "evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise."[12]

Finally, summary judgment is not a "disfavored procedural shortcut," but it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[13]

Because Plaintiff is pursuing this action pro se, the Court must be mindful of additional considerations. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[14] However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant."[15] "[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[16]

### III. Analysis

29 U.S.C. § 626(e) states that when a charge is terminated or dismissed by the EEOC, a plaintiff has 90 days after notice of the termination or dismissal in which to file a civil action. "In the absence of equitable considerations demanding a different result, receipt at a plaintiff's address of the right to sue letter constitutes receipt sufficient to start the running of the time period for filing

---

[10] *Adler*, 144 F.3d at 671.

[11] *White v. York Int'l Corp.*, 45 F.3d 357, 363 (10th Cir. 1995).

[12] *Bones v. Honeywell Intern, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[13] *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[14] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[15] *Id.*

[16] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

a discrimination action."[17] Similarly, notice sent to the attorney is imputed to the client.[18]

"If a claimant fails to file within this provided period, the action is barred subject to the doctrine of equitable tolling." [19] Equitable tolling may be invoked only in extraordinary circumstances.[20] Such circumstances exist when the plaintiff has been "lulled into inaction by her past employer," "actively misled," or "has in some extraordinary way been prevented from asserting his or her rights."[21] The time requirement is not to be tolled when the plaintiff has failed to exercise due diligence.[22]

It is undisputed that Plaintiff's counsel received the EEOC notice in February of 2005. As such, the notice is imputed to Plaintiff. He did not take further action until December of 2007, when he sent the review request letter to the EEOC (well after the 15 day review request deadline and the 90 day filing deadline had passed). After his request was denied, Plaintiff waited another eight months before filing an action – almost three and a half years after the imputed notice in February of 2005. This is far beyond the 90 day time limit. Due to the extensive nature of these delays, the Court finds that they can best be explained by Plaintiff's lack of due diligence. Such an explanation is not sufficient to toll the time requirement under 29 U.S.C. § 626(e). Therefore, Plaintiff's action is time barred by 29 U.S.C. § 626(e).

---

[17]*Million v. Frank*, 47 F.3d 385, 388 (10th Cir. 1995).

[18]*Noe v. Ward*, 754 F.2d 890, 892 (10th Cir. 1985).

[19]*Biester v. Midwest Health Servs.*, 77 F.3d 1264, 1267 (10th Cir. 1996).

[20]*Swimmer v. Sebelius*, 2009 WL 1394259, at *2 (E.D. Okla. May 18, 2009).

[21]*Biester*, 77 F.3d at 1267.

[22]*Bailey v. Precision H2O, Inc.*, 2009 WL 249476, at *4 (D. Utah Feb. 2, 2009) (holding that plaintiff's failure to exercise due diligence and update her address with the EEOC did not toll the time requirement).

Further, Plaintiff has failed to offer an extraordinary circumstance that suggests equitable tolling is appropriate. He claims that Cox Communications was not forthcoming with information requested by the KHRC, or with information requested in Plaintiff's interrogatories.[23] Plaintiff claims these alleged incidents of deceit were intended to lull him into inaction, as would permit tolling the time requirement. This cannot be true, however, as the first alleged deceit was between the KHRC and Cox Communications – not Cox Communications and Plaintiff – and therefore would not have lulled him into inaction. If Cox Communications failed to provide information requested by Plaintiff's interrogatories, this must have occurred after the filing of his complaint. Therefore, any potential deceit could not have lulled him into inaction with regard to the filing of his complaint.

Plaintiff does not provide a compelling explanation as to how he was lulled into inaction by Cox Communications or was actively misled to delay filing his complaint; rather, his primary explanation for delay appears to be his own miscommunication with his former counsel and his own misunderstanding of time limitations. Neither is an extraordinary circumstance that suggests equitable tolling is appropriate.

While the Court recognizes that Plaintiff is pro se, it does not find that he has provided an adequate explanation that justifies such a gross departure from the 90 day time limit. Accordingly, Defendant's Motion for Summary Judgment is granted.

---

[23]These assertions are not supported by evidence in the record, but the Court will nevertheless address.

**IT IS THEREFORE ORDERED** this 25th day of June, 2010 that Defendant's Motion for Summary Judgment (Doc. 43.) is hereby GRANTED.

**IT IS SO ORDERED**.

    /s  Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE